**RECORD NO. 14-4182**

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

## MOHAMMAD KHAN,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF MARYLAND
BALTIMORE DIVISION

(Honorable William D. Quarles, Jr., U.S.D.J.)

### OPENING BRIEF OF APPELLANT
### MOHAMMAD KHAN

Teresa Whalen
LAW OFFICE OF TERESA WHALEN
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 588-1980
Whalenesq@aol.com

*Counsel for Appellant*                                    June 2, 2014

# TABLE OF CONTENTS

<u>**Page**</u>

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ........................................................................ 1

STATEMENT OF ISSUES ........................................................ 1

    I.    WAS MOHAMMAD KHAN'S GUILTY PLEA VALID?

    II.   WHETHER THE APPLICABLE ADVISORY SENTENCING
         GUIDELINE RANGE SHOULD HAVE BEEN
         CALCULATED PURSUANT TO U.S.S.G. § 2L2.1, OR A
         RANGE OF 4 TO 10 MONTHS?

    III.  WHETHER APPELLANT'S SENTENCE WAS
         SUBSTANTIVELY AND PROCEDURALY
         UNREASONABLE UNDER THE ADVISORY
         SENTENCING GUIDELINES AND THE STATUTORY
         DICTATES OF 18 U.S.C. § 3553(a)

STATEMENT OF THE CASE ..................................................... 1

STATEMENT OF FACTS .......................................................... 3

SUMMARY OF THE ARGUMENT ........................................... 3

ARGUMENT .............................................................................. 4

    I.    APPELLANT KHAN'S GUILTY PLEA WAS INVALID ............ 4

        Standard of Review ....................................................... 4

        Argument ....................................................................... 4

i

II.    APPELLANT'S APPLICABLE ADVISORY SENTENCING
       GUIDELINE RANGE SHOULD HAVE BEEN
       CALCULATED PURSUANT TO U.S.S.G. § 2L2.1, OR A
       RANGE OF 4 TO 10 MONTHS ...................................................... 5

       Standard of Review ........................................................................ 5

       Argument ........................................................................................ 5

III.   APPELLANT'S SENTENCE WAS SUBSTANTIVELY AND
       PROCEDURALY UNREASONABLE UNDER THE
       ADVISORY SENTENCING GUIDELINES AND THE
       STATUTORY DICTATES OF 18 U.S.C. § 3553(a) .......................... 6

       Standard of Review ........................................................................ 6

       Argument ........................................................................................ 7

CONCLUSION ..................................................................................... 8

STATEMENT REGARDING ORAL ARGUMENT ................................. 9

CERTIFICATE OF COMPLIANCE ........................................................ 10

CERTIFICATE OF SERVICE ................................................................. 11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anders v. California*,
 386 U.S. 738 (1967) ...................................................... 3, 8

*Gall v. United States*,
 552 U.S. 38 (2007) ...................................................... 6, 7

*Nelson v. United States*,
 129 S.Ct. 890 (2009) .......................................................... 7

*Rita v. United States*,
 551 U.S. 338 (2007) .......................................................... 7

*United States v. Booker*,
 543 U.S. 220 (2005) .......................................................... 3

*United States v. Carter*,
 564 F.3d 325, 328 (4th Cir. 2009) ..........................................7

*United States v. Green*,
 436 F.3d 449 (4th Cir. 2006) ............................................... 7

*United States v. Lynn*,
 592 F.3d 572, 578 (4th Cir. 2010) ........................................ 5

*United States v. Martinez*,
 277 F.3d 517 (4th Cir. 2002) ............................................... 4

*United States v. Urrego-Linares*,
 879 F.2d 1234 (4th Cir.), *cert. denied,* 493 U.S. 943 (1989) ............... 5

## <u>Statutes and Rules</u>

18 U.S.C. § 201 ........................................................................................... 1

18 U.S.C. § 371 ........................................................................................... 1

18 U.S.C. § 1546(a) ................................................................................. 1, 2

18 U.S.C. § 3231 ......................................................................................... 1

18 U.S.C. § 3553(a) .......................................................................... 1, 3, 6, 7

18 U.S.C. § 3742 ......................................................................................... 1

28 U.S.C. § 1291 ......................................................................................... 1


Fed. R. Crim. Pro. Rule 11 ........................................................................ 4


U.S.S.G. § 2C1.1(a) ............................................................................... 2, 5

U.S.S.G. § 2L2.1 .......................................................................... 1, 2, 3, 5, 6

U.S.S.G. § 2X1.1(a) ............................................................................... 2, 5

U.S.S.G. § 6A1.3 ...................................................................................... 5

## SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had jurisdiction in this case pursuant to 18 U.S.C. § 3231 and entered final judgment on February 26, 2012.   Jurisdiction in this Court is based on 28 U.S.C. § 1291 and 18 U.S.C. § 3742.   A Notice of Appeal was filed on March 3, 2013.

## STATEMENT OF ISSUES

I.    WAS MOHAMMAD KHAN'S GUILTY PLEA VALID?

II.   WHETHER THE APPLICABLE ADVISORY SENTENCING GUIDELINE RANGE SHOULD HAVE BEEN CALCULATED PURSUANT TO U.S.S.G. § 2L2.1, OR A RANGE OF 4 TO 10 MONTHS?

III.  WHETHER APPELLANT'S SENTENCE WAS SUBSTANTIVELY AND PROCEDURALY UNREASONABLE UNDER THE ADVISORY SENTENCING GUIDELINES AND THE STATUTORY DICTATE OF 18 U.S.C. § 3553(a)

## STATEMENT OF THE CASE

Appellant was charged pursuant to a Superseding Indictment with one count of Conspiracy in violation of 18 U.S.C. §371 and one count of Bribery in violation of 18 U.S.C. §201. Record, Docket 5.   Pursuant to a plea agreement, a Second Superseding Information was filed charging Appellant with Immigration Fraud in violation of 18 U.S.C. § 1546(a).  Record, Docket 85.

1

On, December 13, 2013, Appellant entered a guilty plea to Count 1 of the Second Superseding Information. Tr. 12/13/13, p. 6. The Presentence Report prepared in this case calculated a total offense level of 9 and a criminal history category I, for an advisory sentencing guideline calculation of 4 months to 10 months. Tr. 2/25/14, p. 4-5, 88, 100-101. Pursuant to the plea agreement, the parties did not stipulate to the applicable guidelines that apply to the facts. The government argued U.S.S.G. § 2X1.1(a) and §2C1.1(a) applied due to relevant conduct relating to the original charged conspiracy to bribe a public official and the knowing and intentional possession of a firearm. Record, Docket 86. Appellant disputed the conspiracy and firearm possession and argued that the applicable guideline was U.S.S.G. § 2L2.1. *Id*.

On February 25, 2014, Appellant appeared before the Court and received a sentence of 12 months and 1 day of confinement in the Bureau of Prisons, along with 3 years of supervised release. Tr. 2/25/14, p. 100-103. The Judgment was entered on February 26, 2014. A Notice of Appeal was timely filed on March 3, 2014.

## STATEMENT OF FACTS

Appellant was found guilty of Immigration Fraud pursuant to 18 U.S.C. §1546(a). The government alleged that Appellant, a citizen of Pakistan, aided and abetted the presentation of an asylum petition (I485) which contained false statements that Appellant was the spouse of a United States citizen entitled to spousal immigration benefits. Record, Docket 85. Prior to the litigation of any motions, Appellant elected to plead guilty. As a result, the district court did not decide any questions of law, and the only issues adjudicated were whether the plea was knowing and voluntary, the applicable guideline range, and the appropriate sentence.

## SUMMARY OF THE ARGUMENT

This brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel brings three issues to the Court's attention: (1) whether Appellant's plea was knowing and voluntary, (2) whether the applicable advisory sentencing guideline range should have been calculated pursuant to U.S.S.G. § 2L2.1, or a range of 4 to 10 months and (3) whether Appellant's sentence was substantively and procedurally unreasonable under the United States Sentencing Guidelines that are now advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and the statutory dictate of 18 U.S.C. § 3553(a).

# ARGUMENT

I.     APPELLANT'S GUILTY PLEA WAS INVALID.

Standard of Review:

When a defendant does not seek to withdraw his guilty plea in the district court, any challenge to the adequacy of a Rule 11 proceeding on appeal is considered under the plain error standard of review. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002).

Argument:

At the Rule 11 proceeding in this case, the district court advised Appellant through the use of an interpreter of, among other things, the trial rights he was giving up by pleading guilty, the elements of the offense that the government would have to prove to a jury beyond a reasonable doubt at trial, and the maximum penalties he was facing as a result of the plea. Tr. 12/13/13, p. 6-17. The district court ascertained that Appellant's plea was knowingly and voluntarily entered. *Id.*

II.  APPELLANT'S APPLICABLE ADVISORY SENTENCING GUIDELINE RANGE SHOULD HAVE BEEN CALCULATED PURSUANT TO U.S.S.G. § 2L2.1, OR A RANGE OF 4 TO 10 MONTHS.

Standard of Review:

Pursuant to U.S.S.G. § 6A1.3 when any factor important to the sentencing determination is reasonably in dispute, the court shall resolve the disputed sentencing factors at a sentencing hearing.  U.S.S.G. Commentary reflects the Commission's belief that the use of a preponderance of the evidence standard is appropriate.  This Circuit has noted this is the appropriate standard.  *United States v. Urrego-Linares*, 879 F.2d 1234 (4th Cir.), *cert. denied,* 493 U.S. 943 (1989).  Appellant argued for a sentence different than the one imposed by the district court, and thus has preserved his claim, and the review is under the abuse of discretion standard. *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010).  If the district court abused its discretion, the sentence must be vacated unless the error is harmless. *Id*. at 576.

Argument:

The government failed to present sufficient evidence to satisfy a preponderance of the evidence standard that the applicable advisory guidelines to be used were that of U.S.S.G. §2 X1.1(a) and § 2C1.1(a).

While citing to a "more likely than not" standard in weighing the evidence at sentencing, the district judge instead determined that Appellant "probably [knew] that he was involved in a scheme to pay a Government employee for a legitimate card".   Tr. 2/25/14, p. 87-88.   Appellant maintains this finding lessened the burden on the government to establish the facts by a preponderance of the evidence.   Accordingly, the district court abused its discretion by finding that Appellant's advisory sentencing guideline range was an adjusted offense level of 15, for an advisory guideline range of 18 to 24 months. *Id.*   As Appellant was sentenced pursuant to this higher advisory range and given a sentence of 12 months and 1 day, a sentence above the advisory guideline range pursuant to § 2L2.1, or 4 to 10 months, the error is not harmless and his sentence should be vacated.

III.   APPELLANT'S SENTENCE WAS SUBSTANTIVELY AND PROCEDURALY UNREASONABLE UNDER THE ADVISORY SENTENCING GUIDELINES AND THE STATUTORY DICTATE OF 18 U.S.C. § 3553(a).

Standard of Review:

A court of appeals reviews a sentence under the advisory Guidelines to determine whether it is reasonable, applying an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38 (2007). This Court presumes that a sentence imposed within the properly calculated guideline

range is reasonable. *See United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006); *Rita v. United States*, 551 U.S. 338 (2007). However a district court may not presume that a sentence within the sentencing guideline range is reasonable. *See Nelson v. United States*, 129 S.Ct. 890 (2009). A district court commits procedural sentencing error by "failing to adequately explain the chosen sentence." *Gall*, at 51. The district court "must make an individualized assessment based on the facts presented," and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009).

Argument:

Appellant presented numerous arguments as to why his sentence should be within an advisory guideline range of 4 to 10 months imprisonment. The nature and circumstances of the offense and Appellant's role that was limited in time, scope, and acts supported a sentence within 4 to 10 months and a sentence of 12 months and 1 day was greater than necessary to comply with the purposes of 18 U.S.C. § 3553. Appellant contends that his sentence is procedurally unreasonable because the district court did not sufficiently explain the selected sentence.

## <u>CONCLUSION</u>

In accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967), counsel has reviewed the facts and legal issues in this case. Counsel is of the opinion that there are no legitimate grounds for an appeal in this case. A copy of this brief has been served on Appellant along with a letter advising him of his right to file a supplement brief.

## **STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 34(a)(3) and this Court's Local Rule 34(a), undersigned counsel suggests that this case may be resolved on the briefs and that oral argument need not be scheduled.

Respectfully submitted,


 /s/
Teresa Whalen
Law Office of Teresa Whalen
801 Wayne Avenue, Ste. 400
Silver Spring, MD 20910
(301) 588-1980

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief has been prepared on in 14-point Times New Roman font.

Exclusive of the cover page, table of contents, and table of authorities, this

brief contains <u>1, 361</u> words.

/s/
_____

Teresa Whalen, Esquire

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of June, 2014, a copy of

the foregoing Appellant's Brief In Accordance With *Anders v. California*,

386 U.S. 738 (1967), was served via electronic filing on counsel for

Appellee:

Harry Mason Gruber, Esq.,
Assistant U. S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
4th Floor
36 South Charles Street
Baltimore, MD 21201-0000
Email: Harry.Gruber@usdoj.gov

and a Copy provided to Defendant:

Mr. Mohammad Khan 56489-037
Worcester County Jail
P.O. Box 189
5022 Joyner Road
Snow Hill, MD  21863

_/s/_____

Teresa Whalen, Esquire

11